# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RAIL SCALE, INC., a Florida corporation, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: _____<br>)<br>) |
| v. | )<br>) JURY TRIAL DEMANDED |
| WINGFIELD SCALE & MEASURE, LLC, a Tennessee limited liability company, | )<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Rail Scale, Inc. ("***Rail Scale***" or "***Plaintiff***"), by and through its attorneys, makes and files this Complaint against Defendant Wingfield Scale & Measure, LLC ("***Wingfield***" or "***Defendant***"). In support of this Complaint, Plaintiff alleges and complains as follows:

### PARTIES

1. Rail Scale is a Florida corporation.

2. James Mayer, Dennis Meyers, and Trace Mayer (the "***Inventors***") are the inventors of United States Patent No. 10,996,100, entitled "Method and Apparatus for Calibrating Rail Scales" (the "***'100 Patent***").

3. All right, title, and interest in and to the '100 Patent, including the right to sue for all past and present infringement damages, was assigned by the Inventors to Rail Scale on or about April 12, 2019.

4. Upon information and belief, Wingfield is a company organized under the laws of the state of Tennessee, with its principal place of business located at 2205 South Holtzclaw Avenue, Chattanooga, Tennessee 37404.

5. Upon information and belief, Wingfield's registered agent is Wingfield Scale Co., Inc., which is also located at 2205 South Holtzclaw Avenue, Chattanooga, Tennessee 37404.

6. Upon information and belief, Wingfield has sold, currently sells, and offers for economic benefit through sales and services of the Accused Product (as defined below) and other infringing products through the stream of commerce within this jurisdiction.

7. Wingfield has not been granted a license or any other rights to the '100 Patent.

8. On information and belief, Wingfield has generated sales of products and services incorporating the Plaintiff's patented methods and products, exposing Wingfield to liability for its infringement of the '100 Patent.

## SUMMARY OF THE CASE

9. On or about April 12, 2019, the Inventors assigned the '100 Patent to Rail Scale.

10. Rail Scale is a company that calibrates and services rail scales owned and/or used by railroad companies and other third-parties, including bulk product suppliers, such as product distributors and manufacturers.

11. Rail Scales' patented methods and products help the owners and operators of rail scales—the process by which one weighs a railroad car and its contents—calibrate rail scales to ensure a scale's accuracy.

12. Rail Scale has not licensed the '100 Patent to any other party, making it the sole party with rights under the '100 Patent.

13. Wingfield engaged in and continues to engage in willful and knowing patent infringement because, on information and belief, Wingfield had actual notice of the '100 Patent as early as February 2019 when Rail Scale filed its patent application with the United States Patent and Trademark Office because it is a competitor of Rail Scale and has been monitoring intellectual property related to rail scale calibration. Alternatively, on information and belief, Wingfield became aware of the '100 Patent when it was published. Yet, Wingfield continues to infringe on the claims of the '100 Patent.

14. To the extent actual notice is in dispute, Wingfield had actual notice of the '100 Patent at least as early as notice of this Complaint.

15. On information and belief, Wingfield has generated revenue in the operation and sale of products and services incorporating the Plaintiff's patented methods and products, easily exposing Wingfield to significant liability for its infringement of the '100 Patent.

## JURISDICTION AND VENUE

16. This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

17. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

18. Defendant is a Tennessee company and therefore is subject to personal jurisdiction in the state of Tennessee (this "*State*") and this judicial district consistent with the principles of due process because it has a principal place of business in this judicial district and transacts business, contracts to supply goods or services in this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Tennessee.

19. On information and belief, Defendant employs residents of this State who work in this State as corporate representatives, operators, and sales representatives, offering for sale the Accused Product and related services in this State and this judicial district.

20. Defendant has offered and continues to offer its products and services for sale in this State, has transacted business and continues to transact business in this State, and has committed and induced acts of patent infringement in this State.

21. The Accused Product and related services have been and are currently being offered for sale and sold in this State and in this judicial district through various outlets.

22. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Wingfield has a principal place of business, has done business, has infringed, and continues to infringe the '100 Patent within this District as stated more fully above, and this action arises from transactions of that business and that infringement.

23. Further, on information and belief, venue is also proper in this District under 28 U.S.C. §§ 1391 and 1400 because Wingfield's principal place of business is located in this District.

## First claim For Relief

### Infringement of U.S. Patent No. 10,996,100

24. The '100 Patent, a copy of which is attached hereto as **Exhibit A**, is entitled "Method and Apparatus for Calibrating Rail Scales" and was duly and legally issued by the United States Patent and Trademark Office.

25. Rail Scale is the owner of all right, title and interest in and to the '100 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '100 Patent.

26. Rail Scale has complied with the provisions of 35 U.S.C. § 287.

4

27. Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '100 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to Wingfield's rail scale calibration service and product (the "*Accused Product*"), which infringes one or more claims of the '100 Patent, including, but not limited to independent claims 1, 7, and 10.

28. Defendant's Accused Product also infringes one or more dependent claims of the '100 Patent as shall be set forth more particularly in its infringement contentions as may be supplemented from time-to-time.

29. By way of example and not as a limitation, Defendant's Accused Product includes each and every element of the '100 patent's apparatus claim 1 by including:

   a. an apparatus for railroad scale calibration comprising a first trailer including a crane and a second trailer, the first trailer and second trailer positioned next to one another and next to railroad track rails that extend to a railroad scale such that the crane is within range of the first trailer, the second trailer, and the railroad track rails, the apparatus including:

   i. a calibration vehicle coupled to a middle section of the first trailer, the calibration vehicle including a platform, railroad track wheels attached to the bottom of the platform and configured to engage the railroad track rails, an engine with controls for propulsion of the calibration vehicle along the railroad track rails, and at least a first wall and a second wall forming a container on the top of the platform, the first wall including a first receiver configured to receive a coupling bar of a spreader bar and

5

Case 1:21-cv-00287-TAV-CHS   Document 1   Filed 11/19/21   Page 5 of 11   PageID #: 5

        the second wall including a second receiver configured to receive another coupling bar of the spreader bar;

    ii.    the spreader bar attached to and stored in the first receiver and the second receiver;

    iii.    a first bin coupled to a front section of the first trailer and configured to hold first weights;

    iv.    the first weights having grip handles stored in the first bin;

    v.    a second bin coupled to the second trailer and configured to hold second weights;

    vi.    the second weights having grip handles stored in the second bin; and

    vii.    the crane mounted to a back section of the first trailer, wherein the crane is configured to position the calibration vehicle from the middle section onto the railroad track rails engaging the railroad track wheels with the railroad track rails, and is configured to transfer one or more of: the first weights from the first bin to the container or the second weights from the second bin to the container using corresponding hooks.

30. By way of example and not as a limitation, Defendant's Accused Product includes each and every element of the '100 patent's apparatus claim 7 by including:

    a.    an apparatus for railroad scale calibration wherein a railroad scale is coupled to railroad track rails, the apparatus comprising:

        i.    a trailer including a front section with a coupling for connection to a tractor, a middle section and a back section;

        ii.    a weight bin mounted on the front section of the trailer;

6

Case 1:21-cv-00287-TAV-CHS   Document 1   Filed 11/19/21   Page 6 of 11   PageID #: 6

iii. a plurality of weights contained in the weight bin, each weight including a grip handle;

iv. a calibration vehicle coupled to the middle section of the trailer, the calibration vehicle including a platform, railroad track wheels attached to the bottom of the platform and configured to engage the railroad track rails, a propulsion system for moving the calibration vehicle along the railroad track rails, a first wall including a first receiver, and a second wall including a second receiver, at least the first wall and the second wall forming a container on top of the platform;

v. a crane mounted on the back section of the trailer, wherein the crane is configured to position the calibration vehicle from the middle section onto the railroad track rails engaging the railroad track wheels with the railroad track rails and configured to transfer the weights between the weight bin and the container using a spreader bar; and

vi. the spreader bar including: a connector for coupling to the crane, hooks for coupling to the grip handles of the plurality of weights, a first extension bar configured to couple into the first receiver, and a second extension bar configured to couple into the second receiver.

31. By way of example and not as a limitation, Defendant's Accused Product conducts each and every element of the '100 patent's method claim 10 by:

a. attaching a crane on a trailer to a spreader bar that includes a plurality of hooks, the spreader bar mechanically coupled to a first receiver in a first container wall and a second receiver in a second container wall, the first container wall and the

7

second container wall at least in part forming a container included in a calibration vehicle positioned on the trailer, the trailer adjacent to but not on railroad track rails that extend to a railroad scale;

b. using the crane for lifting the spreader bar and for moving the calibration vehicle off of the trailer onto the railroad track rails;

c. disengaging the spreader bar from both the first receiver and the second receiver;

d. using the crane for engaging the plurality of hooks with grip handles of a corresponding plurality of weights on the trailer and for moving the plurality of weights from the trailer into the container;

e. determining the calibration vehicle and the plurality of weights have a desired weight; and

f. propelling the calibration vehicle along the railroad track rails to a desired location on the railroad scale.

32. Defendant is liable for infringement of one or more claims of the '100 Patent, including, but not limited to claims 1, 7, and 10, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Product.

33. Defendant is liable for indirect infringement of the '100 Patent by inducing and/or contributing to direct infringement of the '100 Patent committed by end users of the Accused Product.

34. On information and belief, Wingfield had actual notice of the '100 Patent as early as February 2019 when Rail Scale filed its patent application with the United States Patent and

Trademark Office because it is a competitor of Rail Scale and has been monitoring intellectual property related to rail scale calibration. Alternatively, on information and belief, Wingfield became aware of the '100 Patent when it was published.

35. However, to the extent actual notice is in dispute, Wingfield had actual notice of the '100 Patent at least as early as notice of this Complaint.

36. Therefore, from at least the date of notice of this Complaint, Wingfield induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its users.

37. Further, at least as early as the service of this Complaint, Wingfield contributed to direct infringement by its end users by knowing that its Accused Product and methods would be implemented and/or utilized by its end users; that its methods, components, system and Accused Product were especially made or especially adapted for a combination covered by one or more claims of the '100 Patent; that there are no substantial non-infringing uses; and the Accused Product is a material part of the infringement.

38. Wingfield has knowledge of the '100 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

39. Wingfield's acts of infringement have damaged Plaintiff, and Plaintiff is entitled to recover from Wingfield the damages sustained as a result of Wingfield's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty and/or lost profits.

40. Wingfield's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '100 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A. An entry of final judgment in favor of Plaintiff and against Defendant;

B. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. An award of lost profits to compensate Plaintiff for Defendant's infringement of the '100 Patent;

D. An injunction permanently prohibiting Defendant and all persons in active concert or participation with any of them from further acts of infringement of the '100 Patent;

E. Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

F. Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

G. Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Respectfully submitted,

s/ Samuel F. Miller

Samuel F. Miller, TN Bar No. 22936
MILLER LEGAL PARTNERS PLLC
216 Centerview Dr., Suite 260
Brentwood, TN  37027
Telephone: (615) 988-9590
Facsimile: (615) 988-5995
Email: smiller@millerlegalpartners.com

-and-

Joseph G. Pia, Utah Bar. No. 9945
Jacolby C. Roemer, Utah Bar. No.
(*motions for pro hac vice admission of the foregoing attorneys are forthcoming*)
PIA HOYT, LLC
136 East South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
Email: joe.pia@piahoyt.com
          jroemer@piahoyt.com

*Attorneys for Plaintiff*

11