**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | |
|---|---|
| RAIL SCALE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WINGFIELD SCALE COMPANY, INC.,<br><br>Defendant. | Civil Action No.: 1:21-cv-287-TAV-CHS<br><br>JURY TRIAL DEMANDED |

# JOINT MOTION TO STAY CASE

Plaintiff Rail Scale, Inc. and Defendant Wingfield Scale Company, Inc. jointly request that the Court stay this case pending the exhaustion of all appeals and final disposition of *Rail Scale Inc. v. Weighing Technologies, Inc.*, 4:21-cv-03698 (S.D. Tex.) (the "Texas Litigation") in which a final judgment following a jury verdict was entered on July 21, 2025. In support of this motion, the parties respectfully show the Court as follows:

1. On July 19, 2025, in the Texas Litigation, the U.S. District Court for the Southern District of Texas, Houston Division, entered a final judgment following a jury verdict finding that claims 1-5, 7, and 9-17 in U.S. Patent No. 10,996,100 ("the '100 patent") are invalid (the "Final Judgment"). A true and correct copy of that Final Judgment is attached as **Exhibit A**. Plaintiff has indicated an intent to appeal the Final Judgment to the U.S. Court of Appeals for the Federal Circuit.

2. The '100 patent contains claims 1-17. Plaintiff is currently asserting all of these claims against the Defendant in this case. Fifteen of the seventeen asserted claims in this case are the same claims of the '100 patent that were found invalid in the Final Judgment issued in the

Texas Litigation. Two of the claims of the ’100 patent (claims 6 and 8) were not at issue in the Texas Litigation.

3. The parties have conferred and agree that because the ’100 patent’s invalidity is directly at issue in this case, the final outcome of the Texas Litigation is likely to affect this case. For example, Defendant contends that if the Federal Circuit affirms the Final Judgment in the Texas Litigation, collateral estoppel will preclude the parties from litigating the same validity issue in this case. For the sake of judicial efficiency and comity the parties request a stay of this case.

4. “[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.” *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The inherent power to stay includes the authority to order a stay pending evaluation of a patent’s validity. *See, e.g.*, *VPR Brands, LP v. MONQ, LLC*, 599 F. Supp. 3d 714 (M.D. Tenn. 2022) (staying litigation pending U.S. Patent & Trademark Office’s decision on patent invalidity in an *inter partes* review of a patent).

5. In determining whether to grant a stay, courts consider the following factors: (1) “the potentiality of another case having a dispositive effect on the case to be stayed,” (2) “the judicial economy to be saved by waiting on a dispositive decision,” (3) “the public welfare,” and (4) “the hardship/prejudice to the party opposing the stay, given its duration.” *Costello v. Mountain Laurel Assurance Co.*, No. 2:22-CV-35-TAV-CRW, 2024 WL 4115979, at *2 (E.D. Tenn. Sept. 5, 2024) (citing *Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 931 (N.D. Ohio 2021) and *Higgins v. BAC Home Loans Servicing, LP*, No. 5:12-CV-183-KKC, 2012 WL 5332476, at *2 (E.D. Ky. Oct. 29, 2012)).

6. First, in the jury trial of the Texas Litigation, the parties in that case litigated the validity of the ’100 patent based on the same prior-art equipment that Defendant asserts against the ’100 patent in this case. Second, a stay will promote judicial economy by preventing potentially inconsistent outcomes. It will also promote judicial economy by unnecessary trial litigation in this case at the expense of the Court, jury, and parties pending an appellate decision on patent validity of fifteen of seventeen claims of the ’100 patent by the U.S. Court of Appeals for the Federal Circuit. Third, the public has an interest in knowing its rights and liabilities with respect to the ’100 patent, and conflicting rulings between this Court and the Texas Litigation may not serve that interest. Fourth, a stay would not cause hardship or prejudice to the parties, who have jointly moved the Court for a stay and agree that waiting for the appellate decision of the Final Judgment will clarify and possibly reduce the number of remaining issues in this case.

7. The parties therefore respectfully jointly request that the Court stay this case pending exhaustion of all appeals and the final disposition in the Texas Litigation.

8. A proposed order is attached for the Court’s consideration as **Exhibit B**.

Respectfully submitted, this 25th day of July, 2025.


*<u>/s/ Greggory A. Teeter</u>*
Joseph G. Pia, Utah Bar No. 9945
*(pro hac vice)*
Greggory A. Teeter, Texas Bar No. 24033264
*(pro hac vice)*
PIA HOYT, LLC
170 South Main Street, Suite 1100
Salt Lake City, UT 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
*joe.pia@piahoyt.com*
*gteeter@piahoyt.com*

*<u>/s/ Eileen H. Rumfelt</u>*
Stephen Stark, TN BPR 019676
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
*stephen.stark@millermartin.com*

Eileen H. Rumfelt (pro hac)
Stephen Kabakoff (pro hac)
MILLER & MARTIN PLLC
1180 West Peachtree Street
NW Regions Plaza, Suite 2100
Atlanta, Georgia 30309
*eileen.rumfelt@millermartin.com*
*stephen.kabakoff@millermartin.com*

*Attorneys for Defendant*

Stephan R. Wright, Esq.
Charles W. Gilbreath, II, Esq.
WRIGHT, CORTESI & GILBREATH
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone: (423) 826-6919
*swright@wcglegal.com*
*cgilbreath@wcglegal.com*

*Attorneys for Plaintiff*